IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Shirley Cooper, | ) | Case No.: 4:21-cv-00869-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Louis Dejoy, Postmaster General, United States Postal Service | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) of the District of South Carolina.[1] (DE 47.) Plaintiff Shirley Cooper ("Plaintiff" or "Cooper") brought this action against her employer, Defendant United States Postal Service ("Defendant" or "USPS"), alleging reprisal in violation of Title VII of the Civil Rights Act of 1964 as amended, and a retaliatory hostile work environment because of prior Equal Employment ("EEO") activity. (DE 1.) On February 1, 2022, Defendant filed a Motion for Summary Judgment. (DE 31.) Plaintiff responded (DE 37) to which Defendant replied (DE 40). On June 23, 2022, the magistrate judge issued the Report, recommending that Defendant's motion be granted and that the case be dismissed. (DE 47.) For the reasons stated below, the Court adopts the Report and Recommendation and grants Defendant's Motion for Summary Judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary. Plaintiff was a full-time employee of the USPS at all relevant times to the Complaint. (DE 1.) Plaintiff began working in the Post Office in Lake City, South Carolina, in December 2010 and was promoted to the job of postmaster in 2012. (DE 1, ¶ 15; DE 33-1.) As of her December 2021 deposition in this case, Plaintiff remained the postmaster in Lake City, although she was out on Family Medical Leave Act ("FMLA") leave. (DE 1, ¶ 14; DE 31-1, pp. 10, 63, 124.)

Plaintiff's Complaint concerns alleged acts of reprisal/retaliation that she included in two different EEO Complaints: EEO case 4K-290-0054-18 (the "2018 EEO Complaint") and EEO case 4K-290-0002-20 (the "2020 EEO Complaint"). (DE 1, ¶ 4; DE 21, pp. 3-4; DE 21, pp. 1-2.) On February 11, 2021, an Equal Employment Opportunity Commission ("EEOC") Administrative Judge granted summary judgment in favor of USPS, dismissing the 2018 EEO Complaint. (DE 1, ¶ 5; DE 21, pp. 8-11.) On December 29, 2020, the dismissal of the 2020 EEO Complaint was upheld in a Decision on Request for Reconsideration. (DE 1, ¶ 6; DE 21, pp. 5-7.)

In Plaintiff's 2018 EEO Complaint, she alleged that Daryl Martin, District Manager; Stephan Slaughter, Post Office Operation Manager ("POOM"), Low Country; and Sharon Keels, Human Resources ("HR") Manager, retaliated against her on February 8, 2018, based on her prior EEO activity. (DE 21, p. 3.) In explaining the specifics of her retaliation claim, Plaintiff alleged her "mgrs. tried to destroy [her] through supervisor defiant actions." (Id.) Plaintiff claimed she had a subordinate supervisory employee, Gautier Williams ("Williams"), who was

"very deficient & refuse[s] to do her assigned job," and claimed her managers would yell at her for giving instructions to her subordinate employee. (Id.)

In Plaintiff's 2020 EEO Complaint, she alleged that Low Country POOM Slaughter retaliated against her on October 3, 18, and 22, 2019, based on her prior EEO activity. (DE 21, p. 1.) In explaining the specifics of her retaliation claim, Plaintiff alleged Slaughter had not agreed with her October 3, 2019, request to discipline a supervisor who worked for her. (Id.) Furthermore, she claimed Slaughter had advised Plaintiff to report to Charleston for an investigative interview on a certain date in October, but he changed the date to the following day, October 22, 2019. (Id.)

On March 25, 2021, Plaintiff filed her Complaint, consolidating her appeal related to both the 2018 and 2020 EEO Complaints, and alleging a Title VII retaliation and a retaliatory harassment claim. (DE 1.) In support of Plaintiff's Title VII retaliation claim, Plaintiff points to adverse actions documented in her 2018 EEO Complaint, including that she was subjected to an investigative interview on April 9, 2018; that her supervisor and the HR manager spoke to her in a "loud and disrespectful tone"; that she was "not provided [] with the tools required to succeed at her job"; and her manager "attempted to place a letter of warning in her personnel file." (DE 31-2, p. 1; DE 21, pp. 1-5.) Plaintiff also points to adverse actions documented in her 2020 EEO Complaint, including an October 7, 2019, where Plaintiff's decision to deny allowing Williams to go on a detail assignment was overruled by POOM Slaughter, and that on "numerous occasions" POOM Slaughter sided with Williams rather than Plaintiff. (DE 31-3, p. 1; DE 37, p. 8.) Additionally, Plaintiff points to statements made by management officials that "allow an inference . . . of retaliatory animus and point to an atmosphere of retaliation," that she claims are

3

sufficient to establish a causal connection between the protected activity and the adverse action. (DE 51, p. 5.)

In support of Plaintiff's claim of retaliatory harassment, Plaintiff points to being called in for an investigative interview by Slaughter; not being given the tools to succeed at her job; being spoken to in a "loud disrespectful tone" during a conference call; and management's failure to stop subordinate harassment. (DE 51, p. 6.)

## **DISCUSSION**

On July 21, 2022, Plaintiff filed an objection to the Report (DE 51), to which Defendant filed a response (DE 52). However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff's first objection that "[t]he magistrate erred in finding that there is no genuine dispute as to any material fact and denying the opportunity to be heard before a jury" is non-specific. However, the Court has identified the following specific objections, which will be addressed herein. First, Plaintiff objects to the Report claiming "[t]he Magistrate judge should have considered the standard set forth in [Babb v. Wilkie] for Plaintiff's Title VII retaliation and retaliatory harassment claims." (DE 51, p. 1.) However, the Magistrate Judge correctly noted that the Fourth Circuit has not adopted the Eleventh Circuit's analysis articulated in Babb, and therefore, the Court overrules Plaintiff's objection on this basis. See Walton v. Harker, 33 F.4th 165 (4th Cir. 2022) (court applies longstanding Title VII analysis to claims brought by a federal employee).

Next, Plaintiff objects to the Report claiming that even "based on pre-Babb law, . . . the Plaintiff laid out facts to substantiate her claims of retaliation." (DE 51, p. 4.) Plaintiff claims she "demonstrated that her protected activities caused an adverse action." (Id.) However, Plaintiff then restates the facts and arguments previously raised in her summary judgment filings. (DE 1, DE 37, DE 51.) The magistrate judge correctly notes the applicable Fourth Circuit law – to establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove "(1) that she engaged in a protected activity, (2) that her employer took an adverse employment action against her, and (3) that there was a causal link between the protected activity or activities and the asserted adverse action(s)." Walton, 33 F. 4th at 177 (quoting Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011)). The parties concede that the Plaintiff engaged in protected activity; however, none of Plaintiff's allegations constitute a materially adverse employment action.[2] For example, Plaintiff re-alleges in her objection that when she sought

---

[2]     Applying "pre-Babb" law, the Report thoroughly and in detail dispensed of each of Plaintiff's allegations of a materially adverse employment action which this Court incorporates herein.

assistance from her supervisor in response to her subordinate's unacceptable behavior, her supervisor sided with her subordinate. (DE 51, p. 4-5.) However, the Fourth Circuit has found that inaction on the part of the employer does not amount to a materially adverse action for purposes of retaliation claims. See Cooper v. Smithfield Packing Co., Inc., 724 F. App'x 197, 202 (4th Cir. 2018) (employees' allegations that Defendant failed to investigate her complaints did not constitute materially adverse actions).

Furthermore, Plaintiff fails to meet her burden in establishing a causal link between the protected activity and the alleged adverse actions. Plaintiff claims statements made by management officials "allow an inference . . . of retaliatory animus and point to an atmosphere of retaliation," sufficient to establish a causal connection between the protected activity and the adverse action. (DE 51, p. 5.) However, Plaintiff does not cite to any controlling case law to establish that such an inference is sufficient to show a causal connection. Rather, the Fourth Circuit has articulated two ways a Plaintiff may demonstrate a causal connection between a protected activity and an adverse action: (1) establishing the existence of facts that "suggest[] that adverse action occurred because of the protected activity;" or (2) "the adverse act bears sufficient temporal proximity to the protected activity." Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 123 (2021) (internal citations omitted). Additionally, each of Plaintiff's allegations of causation are deficient.[3] For example, in Plaintiff's objection, she claims Mable, on some undefined date, told her she "could have gotten a job in a few months as a post master but you filed this EEO complaint, you won't get it until the next five to ten years." (DE 51, p. 5.) However, as the magistrate judge correctly notes, Plaintiff does not explain how the statement

---

[3] Applying "pre-Babb" law, the Report thoroughly and in detail dispenses of each of Plaintiff's arguments regarding causation which this Court incorporates herein.

was causally connected to an adverse action; to the contrary, by the time Plaintiff filed her 2018 EEO Complaint, she was in fact a postmaster.

Finally, Plaintiff objects to the to the Report claiming that "[e]ven looking to pre-Babb law, the events identified and the Plaintiff's testimony shows retaliatory harassment." (DE 51, pp. 6.) Plaintiff further claims that "[b]ecause the determination of severe and pervasive is factually intensive, summary judgment would not be appropriate in this case." (Id.) However, Plaintiff then restates the facts and arguments previously raised in her summary judgment filings. (See DE 37, DE 51.) The magistrate judge correctly notes the applicable Fourth Circuit law – "[t]o establish a prima facie case of retaliatory harassment, Plaintiff must establish: '(1) engagement in a protected activity; (2) subjection to severe or pervasive retaliatory harassment by a supervisor; and (3) a causal link between the protected activity and the harassment.'" Pritchard v. Metro. Washington Airports Auth., No. 118CV1432AJTTCB, 2019 WL 5698660, at *10 (E.D. Va. Nov. 4, 2019), aff'd, 860 F. App'x 825 (4th Cir. 2021). The parties concede that the Plaintiff engaged in protected activity; however, Plaintiff's allegations that she was called for an investigatory interview by Slaughter, that she was not provided with the "tools to succeed at her job," that she was spoken to in a disrespectful tone on a conference call, and that management had sided with her subordinate over her on various decisions (DE 37, p. 8) do not constitute severe or pervasive harassment. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 176 (4th Cir. 2009) (to rise to severe and pervasive, Plaintiff "must show that the environment was pervaded with discriminatory conduct 'aimed to humiliate, ridicule, or intimidate,' thereby creating an abusive atmosphere (citation omitted)).

Furthermore, Plaintiff misstates the standard for summary judgment. Whether the determination of an issue is fact intensive is irrelevant to a summary judgment inquiry; rather,

7

the standard for a summary judgment determination is whether there is a "*genuine dispute* as to any material fact." Fed. R. Civ. Pro. 56(a) (emphasis added). Therefore, the Court overrules Plaintiff's objection on these bases.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 47) and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 31) is granted and Plaintiff's case is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

August 15, 2022
Florence, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.